# United States District Court

## EASTERN DISTRICT OF NEW YORK

TY EDWARDS RODRIGUEZ

*Plaintiffs*

–v–

SUFFOLK COUNTY, SUFFOLK COUNTY POLICE
DEPARTMENT, SUFFOLK COUNTY POLICE
DEPARTMENT JOHN AND JANE DOES # 1-10,

*Defendants,*

# PLAINTIFF'S COMPLAINT

*JAMES MALACHY MEANEY*

MEANEY AND MEANEY PC

27 FAIRVIEW STREET

HUNTINGTON, NEW YORK 11743

CORY H. MORRIS, ESQ.

*OF COUNSEL*

PLAINTIFF, TY EDWARDS RODRIGUEZ, by and through his attorneys, Meaney & Meaney PC, as and for his *Complaint* against the Defendants herein, states and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a civil action seeking monetary relief, compensatory and punitive damages, disbursements, costs and fees for violations of the Plaintiff's rights, unlawful eviction, forcible removal, unwarranted intrusion, intentional infliction of emotional distress, negligence, and violation of civil rights, brought pursuant to 42 U.S.C. § 1983 and the 4th, 5th and 14th Amendments to the United States Constitution and New York State Law.

2.    The Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive the Plaintiff of his Constitutional rights, in accordance with the above-mentioned statutes and causes of action, by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

3.    The Defendants (collectively and individually), their agents, employees and servants illegally evicted the Plaintiff and his family from a private residence in the middle of a nationwide public health emergency due to COVID-19.

4.    The Defendants (collectively and individually) illegally evicted the Plaintiff and were grossly negligent in causing emotional distress, actual and proximate damages to a forced eviction of the Plaintiff and negligent in failing to

2

contact the SUFFOLK COUNTY POLICE DEPARTMENT and Suffolk County Sheriff's Office and in failing to investigate, remedy and/or prosecute the illegal actions of the Defendants as described herein.

5.     The Defendants intentionally, recklessly, or in a grossly negligent fashion, breached their duties of care and duties to intervene with respect to their interactions with and treatment of the Plaintiff as further described below and, subsequent to the excessive and unnecessary threat of force visited upon the Plaintiff by failing to appropriately investigate, reprimand and/or arrest the Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10, as further described herein, for their employment of unreasonable threat of force against the Plaintiff in illegally evicting the Plaintiff and his family.

6.     The Defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, (collectively and individually) were negligent in training, hiring and supervising its SUFFOLK COUNTY POLICE DEPARTMENT employees, representatives, and/or agents. Specifically, the Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT failed to investigate, arrest and act upon the unreasonable and unlawful threat of force employed against the Plaintiff in forcing an eviction without legal process.

7.     Moreover, the Defendants SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT (collectively and individually) were deliberately indifferent to the need to train Defendant SUFFOLK COUNTY POLICE OFFICERS John and Jane Does # 1-10, its Officers, Staff and Agents in its employ.

3

Upon information and belief, rather than conduct a fair and impartial Internal Affair Unit ("IAU") review of the claims and allegations against SUFFOLK COUNTY POLICE OFFICER Defendants, the Suffolk County IAU merely conducted a perfunctory review to exonerate SUFFOLK COUNTY POLICE DEPARTMENT Defendants.

8.    Accordingly, the Defendants are liable to the Plaintiff for unlawful intrusion, unlawful eviction and abuse of process under threat of force, for conspiring to condone and encourage such civil rights violations, and for maliciously failing to investigate, reprimand and/or punish the actions of the individual Defendants.

9.    As a result of the Defendants' actions (or lack thereof), the Plaintiff suffered emotional scarring and suffering that he sustained at the hands of Defendants as a result of their threat of unnecessary and excessive force. The Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to, substantial legal fees, loss of good name and standing in the community, emotional distress and other costs and expenses.

## JURISDICTION AND VENUE

10.    The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

11.    This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

4

12.    Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Suffolk County, New York.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

13.    On or about August 27, 2020, the Plaintiff timely and properly served notice of claim on the Municipal Defendants in accordance with the General Municipal Law § 50-e. Defendants conducted a hearing pursuant to General Municipal Law § 50-h on or about February 2, 2021, of Plaintiff.

14.    Well over ninety days have elapsed since the claim was presented and the Defendants failed to adjust or make payment on the claim.

15.    On various dates throughout May 2021, the undersigned did request of Suffolk County Attorney Stacey Skorupa the names of the unidentified officers to no avail irrespective of the requests made by counsel.

16.    This action has been timely commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983 and the one-year and ninety-day statute of limitations applicable to pendent state law causes of action.

## PARTIES

17.    The Plaintiff, TY EDWARDS RODRIGUEZ, currently resides in Suffolk County, New York.

18.    At all times relevant in this Complaint, and upon information and belief, the Defendant SUFFOLK COUNTY, is a municipality within New York

State in receipt of federal assistance and was a recipient of federal funding at the time of the events complained of herein. Upon information and belief, the Defendant SUFFOLK COUNTY was responsible for the municipal entity the SUFFOLK COUNTY POLICE DEPARTMENT and its agents, assigns and employees.

19.    At all times relevant in this Complaint, and upon information and belief, the Defendant SUFFOLK COUNTY POLICE DEPARTMENT, is a municipal entity within New York State, Suffolk County in receipt of federal assistance and was, upon information and belief, a recipient of federal funding at the time of the events complained of herein.

20.    Upon information and belief, the Defendant SUFFOLK COUNTY POLICE DEPARTMENT was responsible for its agents, assigns and employees including but not limited to Defendant SUFFOLK COUNTY POLICE DEPARTMENT and Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10.

21.    At all times relevant in this Complaint, and upon information and belief, the SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 were employed by SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT throughout the events complained of herein. SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 are being sued in their individual and official capacities. Further, the aforementioned Defendants were acting under color of state law.

6

## FACTUAL ALLEGATIONS

22.     In February 2020, the Plaintiff entered into an agreement (hereinafter referred to as the "Lease with Purchase Agreement") with Clifton Cole and Rachel Cole (hereinafter, referred to collectively as the "Coles") for the rental and ultimate purchase of a property at 20 Frost Valley Road, Mount Sinai, New York (hereinafter referred to as the "Premises").

23.     Prior to the signing of the Lease with Purchase Agreement on or about February 11, 2020, the Plaintiff and his family began moving into the Premises with the full knowledge and permission of the Coles.

24.     As of February 18, 2020, the Plaintiff and his family were living in the Premises, and sleeping at the Premises, again with the full knowledge and permission of the Coles.

25.     The Lease with Purchase Agreement provided for monthly rent in the amount of $5,000.

26.     The Lease with Purchase Agreement provided for a payment of $10,000 for the option to purchase the Premises.

27.     In February 2020, the Plaintiff paid the Coles $5,000 as payment towards the option to purchase the Premises.

28.     On February 27, 2020, the Coles contacted the Defendant SUFFOLK COUNTY POLICE DEPARTMENT in an effort to unlawfully evict the Plaintiff from his home.

29.     On February 28, 2020, after the Plaintiff and his family had been residing in the Premises with the full knowledge and permission of the Coles, the Coles called the Suffolk County Police Department, who in turn, advised the Plaintiff that he had two hours to vacate the residence in which he and his family had been living.

30.     On February 28, 2020, Defendants John Doe #1 and John Doe #2, each a member of the Suffolk County Police Department, under threat of force and arrest, directed the Plaintiff to remove himself, his family, and his belongings from the Premises.

31.     Subsequently on February 28, 2020, Suffolk County Police Department Defendant John Doe #3 did, under threat of force and arrest, direct the Plaintiff to remove himself, his family, and his belonging from the Premises and informed him that he had two hours to do so.

32.     The Plaintiff protested to Suffolk County Police Department Defendants John Does that he did not wish to vacate the premises and that he was lawfully present at the premises.

33.     The Plaintiff had and was able to present proof to Defendants, all Suffolk County Police Department Defendants John Does # 1-10, but the Defendants ignored the Plaintiff's occupation of the home and demanded he leave under, among other things, threat of force.

34.     On February 28, 2020, Suffolk County Police Department Defendants John Doe #1, John Doe #2, and John Doe #3 refused to consider reasonable and

8

dispositive proof that the Plaintiff presented to them, which established his right to occupy the Premises.

35.    The Plaintiff was forced to remove himself from the premises for a prolonged period of time, spanning much of one day and extending into early the next morning, under the threat of force and arrest.

36.    On February 28, 2020, and February 29, 2020, Suffolk County Police Department Defendant John Doe #1 through John Doe #10, inclusive, oversaw and conducted the unlawful eviction and forcible removal of the Plaintiff and his family from the Premises.

37.    As a result of the Suffolk County Police Department forcibly removing the Plaintiff and his family from the Premises, the Plaintiff and his family had to find alternative living arrangements on extremely short notice in the middle of a nationwide public health emergency due to Covid-19.

38.    As a result of the Defendants' conduct, the Plaintiff suffered extensive damages, including, but not limited to, monies expended to find alternative living arrangements for himself and his family on extremely short notice in the middle of a nationwide public health emergency due to Covid-19, to find storage for various household furnishings and items, and, among other things, to find boarding for his dogs.

39.    Upon information and belief, SUFFOLK COUNTY POLICE DEPARTMENT Internal Affairs Unit did conduct a perfunctory investigation in or around September 2020 in an apparent effort to find no wrongdoing and issue no

sanction against the Defendants, thus approving the Defendants' illegal and improper actions, when SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT knew and had reason to know that the individual Defendants employed threat of force against Plaintiff without provocation by Plaintiff.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - EXCESSIVE USE AND THREAT OF FORCE

40.     The Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

41.     The Plaintiff was lawfully present and did not present a danger to anyone at or near 20 Frost Valley Road, in the hamlet of Mount Sinai, Town of Brookhaven, Suffolk County, New York.

42.     The threats of arrest against the Plaintiff by Suffolk County Police Department Defendants John Doe #1, John Doe #2, and John Doe #3 constituted unreasonable and excessive force by a police officer, as well as, abuse of process. Such actions were negligent, reckless, careless, unreasonable and unauthorized, as the Defendants had a duty not to subject the Plaintiff to vicious and abusive police actions, but failed to prevent same and breached their duty.

43.     This threat of summary punishment was in violation of the rights promised to Plaintiff under the 4th, 5th, and 14th Amendments to the United States Constitution. In doing so, the Defendants violated clearly established law and the rights to which the Plaintiff was entitled and did so with recklessness,

callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

44.    As a consequence of the Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, the Plaintiff was deprived of his freedom, was made to suffer great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer infringement of liberty, violation of his pursuit of happiness, and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

45.    In doing so, the Defendants violated clearly established law and the rights to which the Plaintiff was entitled and did so with recklessness, callous indifference to the outcome of their actions and with malice, all in violation of 42 U.S.C. § 1983.

46.    As a consequence of the Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, the Plaintiff was deprived of his freedom, was made to suffer great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

47.    That by reason of the foregoing, the Plaintiff TY EDWARDS

RODRIGUEZ suffered and continues to suffer irreparable injury and monetary

damages as well as punitive damages, costs and attorneys fees, and any other relief

this Court may find just and proper.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

48.    The Plaintiff repeats and re-alleges each and every allegation

contained in this Complaint with the same force and effect as though fully set forth

herein.

49.    Prior to the Plaintiff's unlawful eviction in 2020 and since, the

Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE

DEPARTMENT have permitted and tolerated a pattern and practice of unjustified,

unreasonable and illegal uses of force, abuse of authority, illegal evictions, and

summary punishment by Police Officers of the SUFFOLK COUNTY, New York.

50.    Although such illegal evictions, false detainments, abuse of authority,

illegal use of force, threatened use of force and summary punishment to remove

persons from their homes without lawful order were improper, the SUFFOLK

COUNTY POLICE OFFICERS involved were not seriously prosecuted, disciplined,

or subjected to restraint, and such incidents were in fact covered up with official

claims that the illegal evictions, use of force, and uses of firearms and threats of

force and deadly force were justified and proper. As a result, the SUFFOLK

COUNTY police officers within their jurisdiction were caused and encouraged to

believe that civilian persons could be abused under circumstances not requiring the use of excessive force and/or illegal restraint, and that such abuse and false detainments and summary punishment would in fact be permitted by the SUFFOLK COUNTY POLICE DEPARTMENT.

51.     In addition to permitting a pattern and practice of illegal evictions and abuses, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT have failed to maintain a proper system of investigation of all incidents of unjustified evictions without court order, abuses of authority, improper use of criminal process, and excessive use of force by police officers.

52.     This system of investigation is an outgrowth of a former regime where the former Suffolk County Police Department Chief and the Suffolk County District Attorney was found guilty of civil rights violations yet never investigated by the same Suffolk County Police Department Internal Affairs Unit.

53.     SUFFOLK COUNTY failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully abuse authority, use and threaten excessive force, unlawfully arrest, restrain and abuse civilians, and SUFFOLK COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway, therefore SUFFOLK COUNTY is liable under 42 U.S.C. § 1983 because SUFFOLK COUNTY has had actual and/or constructive knowledge of the patterns of abuse and excessive force against citizens by its police officers, employees, and/or agents in violation of the United States Constitution, and because of SUFFOLK COUNTY and SUFFOLK

13

COUNTY POLICE DEPARTMENT meaningless policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority and threat of force and false arrests, all in violation of the Plaintiff's rights.

54.    SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT have maintained a system of review of unjustified seizures, beatings, detainments, illegal evictions, and threatened/excessive use of force by police officers that has failed to identify the improper abuses of authority, brutality by police officers and failed to subject officers who abused, beat and/or brutalized citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of SUFFOLK COUNTY to tolerate the improper abuses of authority beatings, illegal arrests and other wrongful actions by police officers.

55.    Further, SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers. SUFFOLK COUNTY and the SUFFOLK COUNTY POLICE DEPARTMENT also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Suffolk for presentation to the Grand Jury.

56.    Upon information and belief, specific systemic flaws in SUFFOLK

14

COUNTY complaint and/or brutality review process include, but are not limited to, the following:

a.    Preparing reports regarding investigations of illegal evictions and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.    Police officers investigating illegal evictions fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

c.    Supervisory police officers at times issue public statements exonerating police officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

d.    Reports in abuse of process and illegal eviction cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

e.    Upon information and belief, perfunctory, cover-up and false reports of police officer review are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

f.    Reports of unwarranted deadly force, threatened force, and illegal evictions unmerited use of a deadly weapon are disregarded in favor of police irrespective of the allegations of witness testimony.

57.    The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT  caused the Defendant Officers to believe that brutality, removal by threat of force, illegal arrests/illegal evictions, the filing of false criminal process and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

58.    As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

59.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 – ILLEGAL EVICTION, DUE PROCESS VIOLATIONS AND UNJUSTIFIABLE TAKING IN VIOLATION OF THE 5th AND 14th AMENDMENTS

60.    The Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

61.    The accusations of wrongful actions leveled against the Plaintiff were false.

62.    The Plaintiff was lawfully present in the premises he paid for and occupied with his family.

63.    There was no court or lawful order to remove the Plaintiff from the premises he paid for and occupied with his family.

16

64.    The illegal eviction of the Plaintiff was without lawful order and without summary proceeding.

65.    The Defendants, jointly and severally, collectively and individually were unjustified in demanding that the Plaintiff remove himself from the Premises on February 28, 2020, or February 29, 2020, without lawful court order.

65.    The accusations of wrongful actions leveled against the Plaintiff were made by Suffolk County Police Department Defendants John Doe #1, John Doe #2, John Doe #3 who each, under threat of force, directed the Plaintiff to remove himself, his family, and his belongings from the Premises.

66.    On February 28, 2020, the Plaintiff demonstrated to Suffolk County Police Department Defendants John Doe #1, John Doe #2 and John Doe #3 that he had entered and occupied the Premises with the permission of the Coles for an indefinite period, thus creating a tenancy. .

67.    On February 28, 2020, Suffolk County Police Department Defendants John Doe #1, John Doe #2 and John Doe #3 identified themselves as police officers, were armed and threatened forcible removal of the Plaintiff and the Plaintiff's family should he not immediately comply with their orders.

68.    On February 28, 2020, the Plaintiff demonstrated to Suffolk County Police Department Defendants John Doe #1, John Doe #2, and John Doe #3 that neither the Coles nor their agents, provided the Plaintiff with the requisite predicate notice prior to their ultimately successful attempt in forcibly removing the Plaintiff and his family from the Premises.

17

69.     The threat of detainment and threat of physical restraint of the Plaintiff without probable cause or legitimate reason therefore, and other wrongful acts conducted against the Plaintiff by the SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 constituted a violation of the Plaintiff's rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures.

70.     The aforementioned actions were negligent, reckless, unreasonable and unauthorized, as the Defendants had a duty to not subject the Plaintiff to illegal eviction, threats of use of force, threats of false imprisonment and summary punishment, but failed to prevent same and breached their duty.

71.     Suffolk County Police Department Defendants John Does # 1-10 did use force or the threat of force to remove Plaintiff and his family from the premises through February 28, 2020 to February 29, 2020.

72.     As a consequence of the Defendants' wrongful, inappropriate and/or illegal actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, the Plaintiff was deprived of his freedom, was made to suffer extreme great pain and suffering, and was subjected to great fear, emotional scarring and terror and personal humiliation and degradation, and continued to

suffer mental and emotional distress as a result of the aforesaid unlawful conduct of the aforementioned Defendants.

73.    To date, Suffolk County Police Department Defendants have not identified themselves and rebuffed any request to produce the authority that resulted in the Plaintiff's immediate removal of the premises that he and his family lawfully occupied, without notice of such removal.

74.    That by reason of the foregoing, the Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of ONE MILLION ($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTH COUNT
### 42 U.S.C. § 1983 and New York Law - ABUSE OF PROCESS

75.    The Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

76.    The Defendants, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived the Plaintiff of rights, privileges and immunities

19

secured by the United States Constitution, including, but not limited to, rights

secured by the Fourth, Fifth, Fourteenth Amendments and other laws in violation

of 42 U.S.C. § 1983, constituting a conspiracy.

77.    Abuse of process is evidenced by the Defendants' refusal, delay, or

intentional, deliberate and/or negligent prolonged detention and investigation of the

incident surrounding the forcible removal of the Plaintiff TY EDWARDS

RODRIGUEZ.

78.    The Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE

DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant

SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK

COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant

SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 did

force Plaintiff to suffer Fourth Amendment Violations by forcibly removing the

Plaintiff from his home.

79.    The Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE

DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant

SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK

COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant

SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 had a

duty to conduct a prompt, full and fair investigation of the incident surrounding the

illegal eviction of the Plaintiff from the Premises.

20

80.    Despite the summary punishment carried out by the Defendants against the Plaintiff, the Defendants failed to properly review and conduct an investigation of the aforementioned Defendants, specifically the Defendant SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10  in a timely manner for their unjust and unlawful actions.

81.    A lawful process was perverted by the Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10  in failing to investigate this matter and failing to present this matter to the Office of Civil Rights, the United States Attorney's office, the Suffolk County District Attorney's Office, and/or the Grand Jury for indictment.

82.    Such actions were executed in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. § 1983.

83.    As a direct and proximate result Plaintiff suffered emotional damage and/or distress, including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

84.    That by reason of the foregoing, the Plaintiff suffers and continues to suffer irreparable injury and monetary damages as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A FIFTH COUNT
#### NEGLIGENCE
#### PENDENT JURISDICTION

85.    The Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as though fully set forth herein.

86.    The Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff TY EDWARDS RODRIGUEZ.

87.    The Defendants had a duty not to subject the Plaintiff TY EDWARDS RODRIGUEZ to unlawful threat of force, constitutional violations, false imprisonment, summary punishment, eviction, denial of right to move freely as he

22

wished, or otherwise abuse the Plaintiff TY EDWARDS RODRIGUEZ. The

Defendant Officers, in their actions, breached those duties.

88.    The Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE

DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant

SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK

COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant

SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10

violated the Plaintiff's rights secured under the United States Constitution and 42

U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment

of the Plaintiff TY EDWARDS RODRIGUEZ by failing to train, supervise,

discipline, and investigate the Defendant Police Officers involved in the instant

matter.

89.    The Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE

DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant

SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK

COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant

SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10  knew

or should have known of the Defendant Police Officers propensities for the conduct

which caused substantial and severe injury to the Plaintiff.

90.    In the acts complained of herein, each of the Defendants acted

negligently in that they had a duty to properly investigate, act within the scope of

their authority, and not to falsely detain, falsely accuse, charge, prosecute and harm

the Plaintiff, threaten the use of unlawful or excessive force or otherwise violate the

Constitutional and civil rights of the Plaintiff, and in that they breached said duty.

91.    That by reason of the foregoing, the Plaintiff suffers and continues to

suffer irreparable injury and monetary damages in excess of ONE MILLION

($1,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees,

and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH and SEVENTH COUNT
### INTENTIONAL & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

92.    The Plaintiff repeats and re-alleges each and every allegation

contained in this Complaint with the same force and effect as though fully set forth

herein.

93.    The Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE

DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant

SUFFOLK COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK

COUNTY POLICE OFFICER John Doe # 3 and the remainder of Defendant

SUFFOLK COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10

through their conduct, acts, and omissions acted outrageously and beyond the

bounds of decency for their respective roles in wrongfully and forcibly removing the

Plaintiff and his family on the cusp of an epidemic and without any advanced

notice. As a result, the Plaintiff has suffered great pain, shame, humiliation and

anguish.

94.     The Defendants committed the above stated reprehensible, extreme and outrageous conduct against the Plaintiff with intent and full knowledge that their conduct would cause severe and extreme emotional harm to the Plaintiff with such extreme emotional harm being intended.

95.     The Defendants knew or had reason to know that the threat of unlawful and excessive force would result in damages to the Plaintiff as further discussed above.

96.     The Defendants did fail to investigate, charge or report such employment of the threat of unlawful and excessive force to the appropriate authorities but, rather, the Defendants began to conspire and cover up such transgressions by summarily punishing and forcibly removing the Plaintiff from his home.

97.     Said extreme emotional harm, with psychological symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief. The Plaintiff further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma knowing that other members of his family were threatened with arrest of a family member and to be left without their husband/father while the nation was mired in a nationwide public health emergency as a result of the Defendants SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY POLICE OFFICER John Doe # 1, Defendant SUFFOLK

COUNTY POLICE OFFICER John Doe # 2, Defendant SUFFOLK COUNTY

~~POLICE OFFICER John Doe # 3 and the remainder of Defendant SUFFOLK~~

COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10  actions.

98.    By reason of the foregoing, the Plaintiff suffered and continues to

suffer irreparable injury and monetary damages as well as punitive damages, costs

and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### RPAPL VIOLATIONS
### PENDENT JURISDICTION

99.    Plaintiff repeats and re-alleges each and every allegation contained in

this Complaint with the same force and effect as though fully set forth herein.

100.    If a person is put out of real property in a forcible or unlawful manner,

under New York State Law Real Property Actions and Proceedings Law § 853, he is

entitled to recover treble damages against the wrongdoer or wrongdoers.

101.    As demonstrated herein, the Plaintiff was put out and ejected from the

Premises in a forcible and unlawful manner by the Defendants.

102.    That by reason of the foregoing, the Plaintiff suffered and continues to

suffer irreparable injury and monetary damages as well as punitive damages, costs

and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** the Plaintiff demands judgment against the Defendants:

a.    On the FIRST to EIGHTH Counts, monetary damages as determined
        by a jury trial;

b.    Punitive damages in the amount to be determined by a jury;

26

c.  An award attorney's fees and costs of this action to the Plaintiff pursuant to 42 U.S.C. § 1988 in an amount no less than the prevailing rates of outside counsel routinely hired by Suffolk County;

d.  Declaratory Judgment that the Defendants willfully violated the Plaintiff's rights secured by federal and state law as alleged herein;

e.  Injunctive relief, requiring the Defendants to correct all past violations of federal and state law as alleged herein; to enjoin the Defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

f.  The appointment of a federal monitor to review illegal and summary evictions of persons so similarly situated as the Plaintiff and for all persons that may be suffer eviction without lawful process as determined by summary proceeding;

g.  Award such other and further relief as this Court may deem appropriate.

*A JURY TRIAL IS HEREBY DEMANDED*

Dated:    Huntington, New York
          May 28, 2021

Respectfully submitted,

By: _____

*Attorneys for Plaintiff*
JAMES MALACHY MEANEY
(JM5183)
MEANEY AND MEANEY PC
27 FAIRVIEW STREET
HUNTINGTON, NEW YORK 11743

CORY H. MORRIS, P.C.
CORY MORRIS, ESQ. (CM5225)
    *Of Counsel*